# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **BETTY CELESTINE,** | |
| Plaintiff, | |
| v. | Civil Action No. 7:17-CV-163 (HL) |
| **NASHVILLE BERRIEN COUNTY NURSING HOME, et al.,** | |
| Defendants. | |

## ORDER

Sharon Julye commenced this pro se action on behalf of her mother, Plaintiff Betty Celestine, by filing a letter with the Court that was construed as a complaint on September 22, 1017. (Doc. 1). An initial pro se status conference was held with Ms. Julye on October 11, 2017. The Court informed Ms. Julye that the action would be stayed until January 11, 2018. (Doc. 4). On January 11, 2018, Ms. Julye filed a Motion for Extension of Time, which the Court granted. (Doc. 6). The action was stayed until February 11, 2018. As of the date of this order, Ms. Julye has not paid the required filing fee nor sought leave to proceed in forma pauperis, and the record gives no indication that she has sought to effect service. For the reasons set forth below, the Court finds that the complaint must be dismissed.

"In all courts of the United States the parties may plead and conduct their own cases *personally* or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654 (emphasis added). "By its own terms § 1654 requires those persons who seek to represent themselves in federal courts to do so 'personally,' thereby foreclosing on the possibility that such representation could occur by proxy." Jacox v. Dep't of Defense, 2007 WL 118102, at *1 (M.D.Ga. January 10, 2007); accord Brown v. Great Northern Insurance Co., 2015 WL 898357, at *10 (N.D.Ga. March 3, 2015); Malinay v. Nishimura, 2013 WL 4240460, at *1 (D. Haw. August 14, 2013) ("[T]he right to proceed pro se in civil cases is a personal right."). Georgia law makes it "unlawful for any person other than a duly licensed attorney at law ... [t]o render legal services of any kind in actions or proceedings of any nature...." O.C.G.A. § 15-19-51(a)(6). As a result, "[t]he existence of a power of attorney does not authorize a nonlawyer to undertake to conduct legal proceedings on behalf of a pro se litigant where the law otherwise requires that such proceedings be conducted by a licensed attorney." Jacox, 2007 WL 118102, at *1; accord Brown, 2015 WL 898357, at *10.

In other words, as there is no licensed attorney of record, Ms. Julye is, by all appearances, acting as her mother's attorney. Even assuming that Plaintiff is acting under a valid power of attorney, she may not provide legal representation to her mother because she is not licensed to practice law in this Court. See

2

Harris v. Philadelphia Police Dep't, 2006 WL 3025882, at *3 (E.D. Pa. October 20, 2006) ("[F]ederal courts do not permit a non-attorney to engage in the unauthorized practice of law by pursuing an action pro se with the plaintiff's power of attorney."); In re Conservatorship of Riebel, 625 N.W.2d 480, 482–83 (Minn. 2001) (holding that nonlawyer mother with power of attorney was not permitted to sign pleadings on behalf of her daughter because such actions constituted the unauthorized practice of law). In addition, because the complaint was signed by Ms. Julye and not by Plaintiff or an attorney licensed to practice law, the complaint fails to comply with Federal Rule of Civil Procedure 11(a), which provides: "Every pleading ... must be signed by at least one attorney of record in the attorney's name–or by a party personally if the party is unrepresented."

Accordingly, the Court finds that the complaint (Doc. 1) signed by Ms. Julye should be dismissed without prejudice.

**SO ORDERED** this 26th day of February, 2018.

                               *s/ Hugh Lawson*
                               **HUGH LAWSON, SENIOR JUDGE**

ehm